PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DEC 04 2019
BY
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** Eastern **DISTRICT OF TEXAS**
Luffkin **DIVISION**

Adam Tello 28694078
Plaintiff's Name and ID Number

La Salle Correctional Facility
Place of Confinement

CASE NO. 9:19cv227
(Clerk will assign the number)

v.

Eastern District - Laurn Gaston
Defendant's Name and Address

DPS, Myles Holland ATF Johnathon Dickart
Defendant's Name and Address

More Unknow at This time
Defendant's Name and Address
( DO NOT USE "ET AL.")

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓ NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: ____________
2. Parties to previous lawsuit:
   Plaintiff(s) ____________
   Defendant(s) ____________
3. Court: (If federal, name the district; if state, name the county.) ____________
4. Cause number: ____________
5. Name of judge to whom case was assigned: ____________
6. Disposition: (Was the case dismissed, appealed, still pending?) ____________
7. Approximate date of disposition: ____________

II. PLACE OF PRESENT CONFINEMENT: La Salle Correctional Facility

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ___YES √ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Adam Tello - 28694018-2B-45
1001 Pearl St,
Beamont, Texas 77701

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: DEA - Chris Wells
Conpired with Myles to media munipulation for self.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
watch CIS rob them and Blame me

Defendant #2: Eastern District - used false Statement from CI'S Know to DPS + ATF were false
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Went in my House without a warrent + no good

Defendant #3: ATF - Johnathon Dickard
Knowingling conpired with Myles and knew about it
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
watch a let robber in progress

Defendant #4: DPS - CID - Myles Holland.
concpired with CI'S, Knowling robbery + Attemp Muder
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
watch and knew CIs sent 5 guy to kill me

Defendant #5: Know and Unknow at this time
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
all used false information, all conspired, all seen attempt muder live and no law agency intervend.

Harris County
Luffkin Pd.
Conroe Pd.

Angelina County
Russel Wright
Angel Wreaker Service

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

See Attachment
Civil Right Viliated.
Abuse of Power to procecute
conflict of intrest
conspiring with confidents / Informants
Frilous indicment and complaint
Prejury under oath
and unknown at this time

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See Attachment fair trail + speedy in Houston,
I want to sue + see lawenforcement [illegible]
Charged under Law and [illegible]
See not used in Lawenforgment Abuse of Power

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Adam Tello, Adam Manual-Eugene Tello

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

Harris County Jail - 01321131

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): ____
2. Case number: ____
3. Approximate date sanctions were imposed: ____
4. Have the sanctions been lifted or otherwise satisfied? ____YES ✓ NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): ____________

2. Case number: ____________

3. Approximate date warning was issued: ____________

Executed on: ____________
DATE

Adam Tello
Adam Tello
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 24 day of November, 20 19.
(Day) (month) (year)

Adam Tello
Adam Tello
(Signature of Plaintiff)

AT **WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

| | |
|---|---|
| Adam Tello + Unknown Plaintiff ) | Civil Action No. |
| V. ) | Complaint |
| Eastn District ) | |
| DPS - Myles Ho land ) | Civil Right Violations |
| ATF - Johnathon Dickfard ) | Second, Fourth, and Six |
| DEA - WELLS / SoWells ) | Amendment Violations |
| And Others Unknown ) | Bad Faith Prosecution |
| At This Time to Plaintiff ) | and Unknown |
| Defendants ) | Demand For Jury Trial Fed R. Civ. P. 38 (b) |

Affidavit

The instant case originated with a complaint arrest warrent, which in the book of criminal procedure 2018 pg Rule 4.1 all been violited. The prosecuder in the underlying ~~state~~ Federal criminal case Laurn Gaston, then brought an friviolse indictment, 1. Has 2 different USDA and one AUSDA with either or is the correct signature like most of the signatures on My discovery for law enforcement sign offs signatures don't match due to thes conflict of intrusted, the eastern discrict with there greed on confidanlial informants and media minuplation, false informaton on exbit 1 of my complain for 1 complaint for a So

called educated ATF S.A Johnathon Dickard Sworn infront of Judge K Nicole Mitchel on June 5 of page one of Affidavit sworn before Her of on Page 5 He swears under penealty of Perjury forgoing true + correct to best of His knowlege with gave probale cause to excerize a arrest warrent again to be excuted during day light hours and a knock knock answer and arrest witch diddnt Happend with Myles Holland greed to Arrest and with information given by someone he made a deal and cheerleding Daniel Was Torres to a so called buy when never happend, subseqently double crossed Myles and Johnston Dickart and is currently inditcted on new charges having nothing to do with me. Myles excuted a search warrent with out probel cause at a rented dwelling by Samantha + Danella my girlfriends at the time seize Howe the said was stoled my truck + tow truck no one know where nothings at but Mylos gave the ok

with Randy Peck to seize. My civil Rights, Waste of law enforcement time, (~6 mo ths), illegal search, illegal camera, illegal wire tapes, all with no proof of a drug deal. Myles and all law enforcement with Greed and lies ficitional made the fictitious seen and made me loose my family, company of 4 yrs, tools, and Home to end up in jail for 2 CJ that a conparisy charge was filed with a stamped indentment with no signature. No I seek for damages & suffering. Also last but least Law enforment witness a group of robber nearly kill me and my girlfriends and there are more intrested on how much money the stole and there phone that Holds information on who sent them witch I think it was law enforcemnt Myles Hollan Conspiring with ATF, DEA, to kill me for the embarrasment of no drugs. Channel 2 new Jeanisu Regme a good friend of mine save the Airing

on June 11, State and on the Seen all Easter District But so call crime were is Southern District Conflict of intrest and corrupt offizers of Myles Ho-land and Johnathon Dick-tavdo My Shop my Friend will never recover from the illegal stop and disrupt of Law to get a signed DEA Form to Search and the get a State Search warrent to where so call 300 kilos where to be find a 2,6 Millon dollars work of drugs found aired that day because Myles had His new outfit for greed on His Major Bust witch He made sure is it wis corred all Harris County and Southern District wouldn't take Credit for but now His asenda is making all this stick when is wes all a lie from Document 1 due to His own Agende and ABuse of Power and My civil rights

vilioted with Samanthas and Daniels with Eastern District Have deprivde me from Knowing where Samantha Pocking For there personal Gian of No Gain in Side. I will personally take a sworn oral othe and tell the truth and explain everything in dertail from Myles Ho-lland and Johnathan Dickstard work in a due with Known dirty CI S and I Have infurmation of a person who they spoke to and gave them infurmation on where drugs whers suppasly stored and money thats what the robbers acked for but on the 3rd return I was there they did ask me for nothing just shot at me multiply times. CI's and Myles and Dicksterd gave information to another CI who want to bust them because, suppsly He was gona be introduce by a female and when they didn't get paid the person came to me and told me every thing How a Myles want to use it to

# JURISDICTION

1. Jurisdicion is invoked to 42 USC §§ 1983, 1985, 28 U.S.C USC §§ 1343, 2201, 2202, and 1367(a)

a. Due to so called (crimes) where supposibly done is the Southern District That were the allegations should proceed to.

b. Due to being not of Eastern District only for the conflict of intrest I want a change of Venue and a Fair and speedy trail I pray for relief on this subject and Motion it.

Defendants Parties

2. Eastern District
DPS - CID - SA Myles Ho-land - Lufkin
ATF - SA Johnathon Dickford - Lufkin
DEA - Chris Wells - Houston
Randy Peck - Houston
And other Unknown to Defendant at this time.

Plainiffs

Adam Tello - 1001 Pearl St 2B-92
Beaumont Tx
77701
Know and unknow
to Plainif at this time

Location of Crime
1435 Hopper Rd Houston, Tx 77093
2621 Hopper Rd Houston, Tx 77093

Seized Property

White - 2002 - Chevy Thahoe Z71
Black 2008 GMC -
Black Ford 04 350 Dolly Wreaker Tr
Bleu BMW - 2008
Honda - 1998
2008 Laradoe Travil Trailer
with all my belongings T.V
computers tools family picture
My wallet with $400 cash
credit cards and Boot town 850.00
gift cards and unknow at this
time
S-10 - 1998 - Black

2014 or 2016 Soski - Bolobard
2016 - Suski Dirt Bicke in
Black trail
Black enclose Homemade 20' trailer
with company Wicker Company Mining
rims, carparts, tools, ect, owner Rany Trucking Co.
Randy Haybee - Splendora of Splendora
Black Honda 2000? - Wes Torres, Rubenluna, Tony Gonz
and Arron Davis - car. Brought to be fixed
Brown Honda - Mine
Titles are in the Black 2008 GMC
with road side assistance (MAP)
tools + set up $10,000 Sound system Panasonic
Chevy Impala Brown customers Snap-on + lap top
and unknown at this Time.
1 Phones
2 I - Phones - 2,000
2 Gaxlat - 2,000
1 - Motural - 250
1 Surface - Laptop - 2,500

Taco Truck -
?
Dump trunk
4-runner
grtima - mortor cyle
rims - 20 sets - Radiators took 4 testing

# Facts

As conclude in Complaint every thing from Medical denial after arrest to all illegal search and seacher done by law enforcement is recorded by law enforcement camera put illegally on the pole infront of Uni-glass telephone pole and eye surveillence 24/7 by Denis Lexington's every thing from civil rights violations time even no illegal action for over 6 months being surveillanced is on the camera for facts I state

1. Plaintiffs residence was trasspassed and search without a search warrant at that time @ 5:30 AM June 11, 2019 by defendants Johnathon Dickford and Myles Holand, and HCSO SRT, LufkinPD, Conroe PD, ACSD, DEA FBI, ATF, DPS, and unknown at this time

1. No search warrant just complaint

Shown, DEA Steven Gonzalez forced and threated Gustavo a worker at 2621 who Deputy Azru a seen him leave and pulled Him over for no reason, just to violate His civil right by threating because He is a illegal Alien threats of deportation. When there said to be obtained a State search warrent haven found probal cause is said (?). Both serches were search by misrepresenting facts to the Magistrate Judge for Both Arrest warrent for Adam Tullo and Search for 1435 + 2621 Hopper Rd Never Shown and doubt to Produce to Have Gotten Legally Post hoc after the fact is not addmissabil.

12. The Corruption Epidemic in the Eastern Distric starting with the Due Dickstard + Holland ATF+DPS on Wild goose chase beliving convicted Drug dealers and using them to entrap on false information for there greed and Media Munoplation using Power of offices

14. A Motion to Suppress is in the works!

15. There is no evedince or vidio or pictures Adan Tello Selling, giving or conspiring with anyone. The 26 grams of meth where seized illegal and again Myles + Johnathon told planiff if He would tell them where the Drugs where [illegible] Adding all vechiles + House + ect Seized on that Day 6-11-19 Every thing seized had nothing to do with the so called conspiracy they fail to prove beyond resonable doubt, Knowinly that Meth was not mine either! [illegible]

that 8oz 56g of Ice

16. Worse is Planniff Adan Tello Attempted or did conspire willyfilly with CI + C2 Led By Holland and Pickard This woulldn't be a conspiracy But a Muder of 3

16. Law enforcement negglected ingnored the well being lively hood durning a Robbery that Plaintiff Beleives that Defendants Had a major Part to do with it. Why didn't the interuine? Why did the let 5 masked gunn men lay out my girlfriend not 1 not 2 But 3 times upon my arrival their lite and flashed into front of there face. And subsequently the first question Myles + Defendand ask where was the phone they dropped and they want to say I was there but it true I wasn't they say it all with leuingtun next Door survalling but waiting to see out come and Also Myles and Holland to ask How much Money I taken when Knowing I don't Have no money I've been indegent for 7 months now

Law vilotinded of $2925,(03)A=
3. State present a fail Bond Hearing that same day due to thread of socidy and amount of Drugs, What Drugs? I deserve a Bond only to have a Fair trail in a change of Venue in Houston where I Know Attorneys that fight injustice I caint do it from La Salle due to the Mail being Read Calls being Heard all Conflict of intrest My Attorney Knowing and friends with Myles Holland Johnathan Dickhard, Dainel Torres and whole posse from Woodkin that are just not telling but see who is telling the Great to go put false reports together.

In this case there was several attempts by CI to buy 5 Kilos for Myles & Johnathon time after time after No, Wo, Wa, Hang Ups and I don't do that why he kept calling don't know only after CI was in trouble again and told worse and bigger lyes to get of a second time because Hes Holland personal CI or C2 He pleaded with a deal from the government Concealing He was dealing Crack and they watched and let Him just to Hear the lyes He Fed Myles & Johnston.

15. There are 3 element in a conspiracy ① agreement ② illegal objectives ③ over act with a snitch or CI Confidential or cooperating Individual the Agreement is missing with CIS case log

U.S v. Miranda - Ortiz - 926 F2d 172, 175 (2nd Cir 1991)
U.S v. Giunta - 925 F Fd2 758 764 175 (4nd Cir 1991)
U.S v. Barger F 2d 359, 369 (6th Cir 1991)
U.S v McClain 934 F 2d 822 827 (7th Cir 1991)
U.S v Schmidt 947 F 2d 362, 367 (9th Cir 1991)
and much more

The Goverment testomony of Myles Holland of Criminal Insident Divison - not Narcotics Division. As a CID He Regularly using CI'S to regularly condlucted controlls buys or buy walks. He says it common and practice fou use Confidential or Cooparating Informans or Individals CI's to Socessefully excute these buys. With or without video just on CIS words to be true after they been caught. Myles puts them to do His Dirty Work illegally for exchange for freedom, and eventlly double cross them. like they do him
State v Sloan Cuyahoga App No

79832, 2002 - Ohio - 2669

In the instant case the was not so much as an attempt to purchach anything from the Plaintiff just David Torres Skalos I hung up but misles kept insisting to call me after I just told him to leave me the Fuck Alone why you keep bothering me and asking me when he knew I don't sell drugs.

As the Prosecuting Attorney in the underlying State Federal criminal actions well knew none of the above aplied to plaintiff.

Legal Claim

17. Citizen Have the right to be free from Capriouses prosecution those prosecutions procured through false and misleading information are actionable under 1983 mallactriani v Bower, 160 F3d 611, 682-683

18. Law suit concerning warrantless search in this circuit is well known

The Backyard Front Yard Sheds Barns or other dwells on Property need the separt warrent not just description Colure and size doors windows, and Pictures. This is not really true on dwelling it self. Simply in a mechanical sense because the areas geographilly proximate. Its true because people both have actul and expectations that many of the private experience of Home life often occure outsid the Home yard. US v Jen kens v city of Tiffin 150 F3d 594 C6th Cir 1998

According to Tommy Gunner Aaron Davis - where told to bring stolen cars to plainif to give law enforcement probbel cause and phones and computer to illegally seize and monotor my doings.

The right of individual to be free from unreasonable dout and warrentless warrant searches clearly state constitutional rights warrentless serches are presumed unressonable Horton v California 496 US 128 133 (1990)

When ever a revein of these complaints consizleration suggests that the government should dismiss any and all charges agaist the Plaintiff Adam Zello. Plaintiff Has demostrated Bad Faith, Corruption, harrasment, flagrant unconsititionally, other circumstances warrenting equitable relief the a fedual court may decline or absdain Ziegler v Thomas 74F 3d 740 750 6th Cir 1996)

(23) Eastern Disdrick has made up its mind and parcipate in trampling over plaintiffs rights

(24) [D]ue Process cannot be satisfied when governments doesnt listen to plainiff crying out for Help Justice and and Fair Speedy trail

# Relief Requested

1 Trail by Jury on Civial + Criminal Case

2. Speedy Trail

3. Change of Venue to Hoston

4. Trail by Jury on all issues traible by Jury with no Judicial Delay

5. Compensatory Damages in the Amount determind by Jury

6. Putitive damage in Amound to be determined by Jury

7. A Declaryatory Judgement to 28 USC § 2201 that the action the Defendants

violated the Consitutional Rights of the Planiff

8. An Order enjoining the underlaying Federal and State prosecution to 28 USC 2202 and Fedual Civil Procedure (65C4)

9. Plaintiffs cost of suit

10. Such othe Relief is this court deems just proper and equitable

11-25-19 Adan Tello

November 25, 2019 Adan Tello

Adan Tello

Book Name / Information source: Arrest, Search, and Investigation in North Carolina

By: Robert L. Farb Fifth Edition 2016

subject: Wiretapping, Eavesdropping, Access to stored Electronic Communications, and Related Issues

page: 211

Federal Law[102] prohibits law enforcement officers of state and local governments from using devices to intercept - without consent of one of the parties to the communication - wire, oral, or electronic communications,[103] unless state law permits a device's use. These communications include telephone and cell phone calls; non-telephone conversations when the parties have a reasonable expectation of privacy, and real-time transmission of email and text messages. The North Carolina General Assembly has enacted legislation to permit officers to intercept communications with a state court order, but under limited circumstances.[104] Only the attorney general of North Carolina or his or her designee may apply for an order authorizing a state or local law enforcement agency to engage in a permitted interception; however, district attorneys and state and local law enforcement agencies may request that the attorney general apply for an order.[105] The attorney general must apply for an order from a judicial review panel composed of three judges appointed by the chief justice of the North Carolina Supreme Court. This panel is the only judicial body that may issue an order authorizing electronic surveillance - individual judges may not do so. (Hereafter, this order will be referred to as an extraordinary court order.) The legislation contains detailed provisions about the issuance and implementation of interception orders and the disclosure and use of

2 of 3

intercepted communications.

Federal and state laws provide for criminal penalties and civil damages for unlawful interceptions of wire, oral, or electronic communications.[106] Exclusionary rules differ depending on the type of unlawful interception.[107]

107. G.S. 15A-294(g) provides that an "aggrieved party" (see G.S. 15-A286(1) and Alderman v. United States, 394 U.S. 165 (1969)) may move to suppress the contents of any intercepted wire, oral, or electronic communications, or evidence derived from the interception, on the ground that (1) the communicat-on was unlawfully intercepted, (2) the order of authorization for the interception was insufficient on its face, or (3) the interception was not made in conformity with the order of authorization. The federal statutory exclusionary rule applies only to the unlawful interception of wire or oral communications; unlike G.S. 15-A-294(g), it does not apply to an interception of electronic communications. 18 U.S.C. §§ 2515, 2518(10). However, if an interception of an electronic communication violated the Fourth Amendment, the application of the Fourth Amendment's exclusionary rule would apply.

Federal appellate courts disagree as to whether evidence must be excluded under 18 U.S.C. §§ 2515 and 2518(10) if the government obtains evidence from a private party who unlawfully obtained evidence but without the government's involvement. (A majority of courts deciding the issue support exclusion.) Compare United States v. Vest, 813 F.2d 477 (1st Cir. 1987) (statutory exclusionary rule applies not only when the government obtains evidence as a result of violating federal wiretapping or eavesdropping laws but also when the with "clean hands" (that is, the government was not involved in or did

3 OF 3

violated those laws)

Overview

In 2015, the School of Government published Digital Evidence, a book authored by faculty member Jeffrey B. Welty. This valuable resource covers the following topics:

- Search warrants for digital devices
- Warrantless searches of digital devices
- Law enforcement access to and interception of electronic communications, including phone calls, emails, and text messages.
- GPS tracking
- Admissibility of electronic evidence, including authentication, best evidence rule, and hearsay

Rule 6 (a) 1-2

Need to study grand jury rule

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUN 19 2019
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 9:19CR27 |
| | § | Judge RC/KFG |
| ADAM TELLO (1), | § | |
| RUBEN LUNA (2) | § | |

No signature

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**Count One**

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance)

From on or about November 1, 2018 continuing until on or about June, 2019, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, **Adam Tello** and **Ruben Luna**, defendants, did knowingly and intentionally conspire and agree with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine "actual", a Schedule II controlled substance. ?

In violation of 21 U.S.C. §846.

No corroborated where

P/S can't conspire with law or CI'S

A TRUE BILL,

GRAND JURY FOREPERSON

who is this

06/19/2019
Date

JOSEPH D. BROWN
UNITED STATES ATTORNEY

for
LAUREN GASTON
Assistant United States Attorney

This is a frivolous Document

neither who is that

no law nor Joseph

UNCLASSIFIED

| FD-1023 | FEDERAL BUREAU OF INVESTIGATION<br>CHS REPORTING DOCUMENT | OFFICIAL RECORD |
|---|---|---|

**Check here if additional reporting is in Echo**
No

**Source Reporting:**
The CHS identified Adam Tello by photograph as an individual known to the CHS as Manny who the CHS previously purchased methamphetamine (meth) from for multiple years. The CHS purchased kilogram quantities of meth from Tello. Tello operates out of his home at 1435 Hopper Road, Houston, Texas, and typically stores illegal narcotics and money from the sale of drugs under the sink in a travel trailer behind the residence. Tello lives in the travel trailer and uses the residence for storage. Tello has been observed multiple times by the CHS with pistols and has asked the CHS to acquire AR style assault rifles for Tello. Cory, who the CHS positively identified as Cory Heiner via photo, lives with Tello.

Tello also sells narcotics out of the "shop", which the CHS identified as the building located at 2621 Hopper Road. The CHS has seen hundreds of kilograms of narcotics at the residence and has observed individuals taking large quantities of liquid methamphetamine and converting it into solid. The CHS observed narcotics activity at 2621 Hopper Road on and off from approximately mid 2016 to December of 2018. Alyssa Duton, aka "Bell" occasionally stays at 2621 Hopper Road and prostitutes her self from there for methamphetamine. Kim Shady has also been observed at 2621 Hopper Road.

[redacted] introduced [redacted] to Tello, and [redacted] was buying meth from Tello. [redacted] had a vehicle she got from Tello and at one point, Tello sent a group of Hispanic individuals after [redacted] to get the vehicle back.

[redacted]

Ruben Luna has been fronting Steven Outlaw crack cocaine for the past week and a half.

**Synopsis:**
Adam Tello, [redacted], [redacted] and [redacted]

**SIGNATURE**

| | | |
|---|---|---|
| Submitted By | JNANDERSON (undefined undefined) | Thu, 6 Jun 2019 10:46:28 -0500 |
| First Level Approved By | DRGOODSON (David Goodson) | Tue, 18 Jun 2019 16:54:00 -0500 |

AO 91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA
V.
Adam Tello

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

Case Number: 9:19-MJ-54

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. Beginning on or about November 1, 2018, in the Eastern District of Texas and elsewhere, the defendant(s), **Adam Tello,** did intentionally and knowingly,

conspire with others to distribute and possess with the intent to distribute a controlled substance, namely: methamphetamine

in violation of Title 21 United States Code, Section(s) 846

I further state that I am a(n) Special Agent, ATF (Official Title) and that this complaint is based on the following facts:

See attached Affidavit

no. nar

Continued on the attached sheet and made a part of this complaint: ☑ Yes ☐ ~~No~~

Signature of Complainant

Jonathan Dickard
Printed Name of Complainant

Sworn to before me and signed in my presence,

June 5, 2019 at Tyler Texas
Date City State

K. Nicole Mitchell Magistrate Judge
Name of Judge Title of Judge

K. Nicole Mitchell
Signature of Judge

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR ARREST WARRANT**

I, Jonathan Dickard, being duly sworn, depose and state that:

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been so employed since March 2014, and I am currently assigned to the Tyler, Texas Field Office. Prior to my employment with ATF, I was a peace officer for the Tyler Texas Police Department where I was employed for approximately 4 years as a commissioned law enforcement officer. During my employment at the Tyler Police Department, I was a SWAT Operator, Property Crimes Investigator and a Police Training Officer. I received an Associate's Degree in Business Administration from Tyler Junior College, a Bachelor's Degree in Business Administration from the University of Texas at Tyler, and a Master's Degree in Business Administration from the University of Texas at Tyler. I am also a graduate of the Federal Law Enforcement Training Center and the ATF National Academy.

As a result of my training and experience as an ATF Special Agent, I am familiar with certain federal criminal laws, and I know that it is a violation of Title 21, United States Code, Section 846 for a person to conspire to possess with intent to deliver a controlled substance.

As detailed below, I believe that **Adam Tello,** date of birth of January 11, 1975, has violated federal law, including Title 21, United States Code, Section 846. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

During the course of this investigation, I know or have been made aware of the following:

1. The United States, along with law enforcement agencies including, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), the Drug Enforcement Administration ("DEA") the Texas Department of Public Safety Criminal Investigations Division ("DPS-CID"), the Federal Bureau of Investigation ("FBI") and the Angelina County Sheriff's Office ("ACSO"), have been investigating individuals involved in a drug trafficking organization operating in the Southern District of Texas and the Eastern District of Texas, including in Angelina County, Texas. Based on information gathered thus far in the investigation, **Adam Tello** is believed to be a leader and source of supply for the organization. Throughout the course of this investigation, agents have utilized a variety of investigative techniques to gather information regarding **Adam Tello** and his associates, including information obtained from confidential sources, cooperating individuals, surveillance, controlled purchases and records analysis.

2. On November 30, 2018, a confidential source (CI 1) was arrested with several ounces of methamphetamine and a firearm in Jasper, Texas. Jasper, Texas is located in the Eastern

grams. The methamphetamine recovered from [redacted]'s residence weighed approximately 55.04 grams and the weight of the crack cocaine recovered in [redacted]'s residence weighed approximately 12.15 grams.

6. On March 21, 2019, law enforcement utilized [redacted] to conduct a controlled purchase of meth from **Tello.** Law enforcement conducted surveillance at **Tello's** residence as [redacted] set up the controlled purchase. A short time later, the surveillance team observed **Tello** enter the passenger side of a Toyota truck that was pulling a car hauler type trailer. The license plate on the trailer was 625891J, which was registered to **Tello.** The surveillance team observed an unknown male as the driver. The surveillance team observed **Tello** and the other subject leave **Tello's** residence in the Toyota.

7. A short time later, law enforcement observed [redacted] meet with **Tello** at 14717 US 59 in Splendora, Texas, in the same Toyota truck with the same car hauler type trailer. **Tello** exited his vehicle and entered [redacted]'s vehicle. The surveillance team positively identified **Tello** at the scene. **Tello** and [redacted] spoke to each other during the purchase on the live recording. Several law enforcement personnel stated they heard **Tello** receive a phone call from an unknown person while listening to the live recording. During the phone call, the unknown subject told **Tello** that they wanted some fully automatic AR rifles. **Tello** then told the subject that **Tello** could get those for the subject. A law enforcement officer then listened to the recording of the controlled purchase and confirmed what was said on the phone call between **Tello** and the unknown subject.

8. Approximately one week after the purchase on March 21, 2019, a deputy with the Harris County, Texas Sheriff's Department was conducting visual surveillance on **Tello,** when he observed **Tello** and the same Toyota truck parked at 2621 Hopper Road Houston, Texas. The deputy advised that he again observed **Tello** at 2621 Hopper Road Houston, Texas on either April 30 or May 1, 2019.

9. On April 10, 2019, CI 1 was interviewed by law enforcement and stated **Tello** was still selling large quantities of methamphetamine. CI 1 stated **Tello** was also trading firearms in exchange for methamphetamine. CI 1 stated **Tello** was looking for AR and AK rifles. CI 1 admitted that he/she sold **Tello** a stolen AK rifle for $800 and admitted to selling **Tello** stolen weapons on four to five other occasions. According to CI 1, **Tello** stated that all of the firearms **Tello** purchases are sent to Mexico.

10. CI 1 also stated that **Tello** would travel to Lufkin, Texas to deliver methamphetamine to his customers. CI 1 stated **Tello** was affiliated with Los Zetas members in Houston. CI 1 stated the methamphetamine was being transported to Houston from Mexico in liquid form and then converted to crystal while in Houston by **Tello** and **Tello's** associates. CI 1 stated that the group was utilizing helium to convert the methamphetamine from liquid

District of Texas. CI 1 was later interviewed and stated his/her main methamphetamine supplier was **Adam Tello** and that **Tello** lived at 1435 Hopper Road, Houston, Texas,

3. On December 4, 2018, law enforcement utilized CI 1 and directed CI 1 to make a controlled purchase of a kilogram of methamphetamine from **Tello** at Tello's residence. The surveillance team observed CI 1 arrive at **Tello's** residence and meet with **Tello**. The surveillance team then observed **Tello** and CI 1 walk to the rear of the property and enter a camper trailer. A short time later, the surveillance team observed **Tello** exit the camper trailer and then enter the primary residence, both of which are on the same property. A few minutes later, the surveillance team observed **Tello** exit the primary residence and meet back with CI 1 in the camper trailer. CI 1 later stated **Tello** handed CI 1 a red Milwaukee tool bag that contained one kilogram of methamphetamine. The surveillance team then observed **Tello** and CI 1 exit the camper trailer and walk toward CI 1's vehicle. **Tello** took the Milwaukee bag and placed it under CI 1's hood. CI 1 departed the residence, with the Milwaukee bag still under the hood of the vehicle, and met back with law enforcement. Law enforcement recovered a red Milwaukee bag from under the hood of CI 1 vehicle. Inside the bag, law enforcement recovered approximately one kilogram of methamphetamine from CI 1. The methamphetamine was sent to the DEA laboratory for analysis and was confirmed to be approximately 885 grams of methamphetamine hydrochloride, a Schedule II controlled substance.

4. On February 15, 2019, a deputy with the ACSO observed a vehicle driving on a public roadway that had an expired registration sticker. The deputy conducted a traffic stop and identified the driver, the front passenger, and the back seat passenger. The driver gave law enforcement consent to search the vehicle. During the search, law enforcement discovered a Ruger revolver, a digital scale, and methamphetamine in the back seat area. The back seat passenger was identified as [redacted]. [redacted] admitted the firearm and methamphetamine belonged to him and he was arrested on scene.

5. Later that day, law enforcement interviewed [redacted] at the Angelina County jail after his *Miranda* warnings was read and he voluntarily waived his rights. [redacted] admitted he had more illegal narcotics at his residence, located at 512 Humason Lufkin, TX. [redacted] also admitted to selling large quantities of methamphetamine. [redacted] stated his methamphetamine source was "Manny". Both CI 1 and [redacted] have positively identified Manny as **Tello**. [redacted] also admitted that CI 1 introduced [redacted] to **Tello** and that [redacted] began dealing directly with **Tello** when obtaining methamphetamine. After the interview, [redacted] gave law enforcement consent to search his residence. During the search, law enforcement discovered more methamphetamine as well as "crack" cocaine. The substances were submitted to the DEA laboratory for testing and were confirmed to be methamphetamine and cocaine base, also known as "crack" cocaine. The total weight of the methamphetamine recovered from [redacted]'s vehicle weighed approximately 55.46

form to crystal form. CI 1 stated **Tello** had a location used for this process close to **Tello's** residence. CI 1 stated this second location was a drop off point from Mexico and that a lot of methamphetamine was being stored. CI 1 stated he/she personally observed approximately 200 to 300 kilograms of methamphetamine stored at the location. CI 1 described the location and law enforcement identified the second location as 2621 Hopper Road Houston, Texas. Law enforcement showed CI 1 a street view picture of 2621 Hopper Road and CI 1 confirmed that was the location **Tello** and others used to store methamphetamine and convert it from liquid form to crystal form.

11. On May 21, 2019, CI 1, utilizing a consensual recorded line that had been established by law enforcement, CI 1 received two phone calls from **Tello** about a shooting that **Tello** was involved in. A law enforcement officer listened to the conversation a short time later and reported the following:

12. In the first call, which took place at approximately 2254 hours on May 21, 2019, **Tello** tells CI 1 that **Tello** has a question. **Tello** then asks CI 1 about the feds wanting to talk with CI 1 A phone rings in the background of **Tello's** line. **Tello** told CI 1 to hang on while **Tello** answers the phone. **Tello** could then be heard speaking to someone else in the background while still on the line with CI 1.

13. **Tello** can be heard saying, "Hello… Come over here! Come over here where yall were at. I'll find out where you are mother fucker! Where is…… (unintelligible). You tell me where he is at! I'll give you a thousand dollars right now."

14. In the second call, which took place at approximately 2323 hours on May 21, 2019, **Tello** tells CI 1 that people came to his house and began shooting at **Tello**. **Tello** tells CI 1 that **Tello** shot back approximately 14 times and believed he hit one of them. Both of these statements were not verbatim but rather a synopsis of the phone calls.

15. Prior to these phones calls, law enforcement had installed a technical surveillance device at **Tello's** residence. The Harris County deputy mentioned above reviewed the video recording from May 21, 2019. At approximately 1655 hours, the deputy observed a subject, believed to be **Tello**, seen with a handgun. The subject had his hand pointing at a red car as the car was leaving. Law enforcement believes that this video surveillance corroborates **Tello's** statements to CI 1 that **Tello** was involved in a shooting on May 21st.

16. On May 3, 2019, a law enforcement official conducted a commercial public database search regarding **Tello** and discovered the address 2621 Hopper Road was an address associated with **Tello** from March 2017 to May 30, 2019.

17. The same law enforcement official conducted a Google Maps search of 2621 Hopper Road and discovered what appeared to be a gray Toyota truck and another black truck. The law enforcement official sent a screen shot of the results to the Harris County deputy who had conducted surveillance on **Tello**. The deputy confirmed the gray truck to be the same Toyota truck he had seen previously and advised the black truck was another truck **Tello** used on a regular basis.

I believe that there is probable cause to believe that **Adam Tello** committed a violation of Title 21, United States Code, Section 846 and shall so be brought forth to answer such charges.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Jonathan Dickard, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

SUBSCRIBED AND SWORN to before me this 5th day of June, 2019.

Hon. K. Nicole Mitchell
United States Magistrate Judge
Eastern District of Texas

He sworn

all lies

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Expl... s

# Report of Investigation

| Title of Investigation: Zane Williams et. al. | Investigation Number: [redacted] | Report Number: 73 |
|---|---|---|

**SUMMARY OF EVENT:**

Search warrant of **Adam TELLO's** residence on June 11, 2019.

**NARRATIVE:**

1. On June 11, 2019, ATF Special Agent (SA) Jonathan Dickard, DEA SA Chris Wells, DPS SA Myles Holland, FBI SA Jeff Anderson, Harris County Deputy Dennis Levingston, DPS SA Randy Peck and several other law enforcement personnel executed a federal search warrant at 1435 Hopper Road Houston, TX. which was the residence of **Adam TELLO. TELLO** also had an active federal arrest warrant out of the Eastern District of Texas.

2. During the search warrant, the Harris County SRT team arrested **Adam TELLO** out of his trailer parked behind the primary residence. After the scene was secured, law enforcement searched the property. Below is a list of what was discovered at the property and seized by ATF. Please refer to the DEA report of the search warrant for further details on what they seized on scene.

   - One .45 shell casing found on the driveway by the side of the residence.
   - One plastic box of 207 rounds of assorted ammunition found in **TELLO's** trailer. The box had the words guns and ammo written on the lid.
   - One 9 mm round of ammunition found on the floor of the living room of the primary residence
   - One 9 mm round of ammunition found under the couch in the living room of the primary residence
   - One .500 round of ammunition found on the stove in the kitchen in the primary residence
   - Paperwork of the subjects involved in the shooting found in a safe sitting on a speaker in **TELLO's** trailer.
   - One .357 shell casing found in the front right bedroom of the primary residence.
   - Paperwork of a transfer of money between **TELLO** and **Ruben LUNA** found in **TELLO's** black GMC truck.
   - A Mossberg 835 12 gauge shotgun, s/n UM808405 loaded with five rounds of ammunition found in an enclosed black trailer. SA Dickard measured the barrel length of the shotgun and it measured approximately 16 inches.

| Prepared by: | Title: | Signature: | Date: |
|---|---|---|---|
| Jonathan A. Dickard | Special Agent, Tyler Field Office | [signature] | 6/17/19 |
| Authorized by: Michael P. Graham | Title: Resident Agent in Charge, Tyler Field Office | Signature: [signature] | Date: 6-18-19 |
| Second level reviewer (optional): Jeffrey C. Boshek II | Title: Special Agent in Charge, Dallas Field Division | Signature: | Date: |

States need 2 different signatures
He signed - and forged other



ATF EF 3120.2 (10-2004)
For Official Use Only

- A Springfield (HS Product) XD45 .45 pistol, s/n US597271 loaded with 13 rounds of ammunition found in an enclosed black trailer.
- A Smith & Wesson 422 .22 pistol, s/n TVD8386 loaded with 10 rounds of ammunition found in an enclosed black trailer.
- Ruger Super Blackhawk .44 revolver, s/n 85-85959 found in an enclosed black trailer.
- Harrington & Richardson H&R 922 .22 revolver, s/n 171458 found in an enclosed black trailer.
- A Rohm RG10 .22 revolver found in an enclosed black trailer.
- A North American Arms NAA22 .22 revolver, s/n C52415 loaded with five rounds of ammunition found in an enclosed black trailer.
- 18 rounds of assorted ammunition found in an enclosed black trailer.

3. SA Dickard took custody of the above items and transported them to the ATF Tyler Field Office. SA Dickard then placed the above evidence into the ATF Tyler Field Office vault as evidence (NFORCE Items 57-76).

Attachment:

- Evidence Control Log.

I went along [illegible]

[redacted] - Age at Time of Arrest: 28

| | | | |
|---|---|---|---|
| Arrest Date: | 06/11/2019 | Arrested By: | Myles Holland - MH10990 |
| Arrest County: | Harris | | |
| Arrest State: | TX | Arrest Country: | US |
| Arrest Type: | Warrant Service | Warrant Service: | Non DPS Warrant |
| Agency Issuing Warrant: | HARRIS COUNTY SHERIFFS DEPT | Agency Contact Name: | DENNIS LEVINGSTON |
| Agency Contact Details: | 713-221-6000 | Offense: | Possession Of Substance In Penalty Group 1 >=1G<4G |
| Level/Degree: | F3 | | |

## SYNOPSIS

On 6-11-2019, SA Holland along wih other Agents and Investigators from numerous agenices, executed a federal search and arrest warrant on 1425 Hopper Rd in Houston for a suspect identified as ADAM TELLO. The following report will document the execution of the search warrant.

## DETAILS

1. On June 11, 2019, pursuant to a joint investigation between the Drug Enforcement Administration, Special Agent (SA) Myles Holland with the Texas Department of Public Safety (DPS) Criminal Investigation Division (CID), Houston Division Office Enforcement Group D-21, the Federal Bureau of Investigation Lufkin RO, the Bureau of Alcohol, Tobacco and Firearms Tyler RO, Lufkin Police Department, the Angelina County Sheriff's Office, and the Harris County Sheriff's Office, a federal search and arrest warrant was executed for ADAM TELLO at 1435 Hopper Road, Houston, Texas 77093.
2. A report of Investigation written by SA Jonathan Dickard that contains details concerning seven (7) firearms seized from the property during the execution of the search warrant. An eighth firearm was seized as part of a homicide investigation conducted by the Galveston County Sheriff's Office. This report is available through the ATF Tyler office.
3. At approximately 5:30 A.M., Harris County SWAT executed a federal search and arrest warrant for ADAM TELLO at TELLO'S residence, located at 1435 Hopper Rd. Houston, Texas 77093. [redacted] was also arrested at the location for outstanding felony warrants in Harris County for Possession of a Controlled Substance.
4. During the search of the residence and various trailers and vehicles located on the property, SA Holland located a black LG Style cell phone belonging to TELLO. The phone number associated with this cell phone is [redacted]0026. The cell phone was located inside the camper trailer, on top of the kitchen table and was recovered and logged as evidence by SA Wells with DEA.
5. Harris County Deputy Dennis Levingston located a white Apple iPhone inside the center console of TELLO's black GMC truck.
6. Conroe Police Department Sgt. John Key located a red Apple iPhone, a black Samsung Galaxy 10 and a white Apple iPhone, which were all located inside a safe inside the camper trailer on TELLOS property.
7. Also located inside the safe was approximately 1.6 grams of Marijuana. During the investigation, it was determined that a phone that belongs to an individual who was part of a multi-man robbery crew who stole an undetermined amount of U.S. Currency on May 21, 2019 from TELLO and [redacted].
8. According to TELLO, a member of the robbery crew dropped the cell phone during the armed robbery at 1435 Hopper Rd., and later returned in an attempt to retrieve the cell phone which resulted in TELLO shooting at the unknown individuals and the robbery crew's vehicle as the robbery crew attempted to depart the residence of 1435 Hopper Rd.
9. Harris County SO Sgt. Mike Santos located approximately 56 grams of suspected Methamphetamine, which was hidden underneath the dining table inside the camper trailer.

Was threaten cuz illegal to

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

**CONSENTIMIENTO A SER REGISTRADO** SBL

Dont even know what they sign dont read an cant wright

G A O N

G 1. SE ME HA PEDIDO QUE AUTORICE A AGENTES ESPECIALES DE LA ADMINISTRACION DE CONTROL DE DROGAS A REGISTRAR: (Describir la persona, lugar o cosas a registrar.)

2621 Hopper Rd.
Houston, TX 77093
Residence / Shop

G A O N

was forced

A 2. NO HE SIDO AMENAZADO/A, NI FORZADO/A DE NINGUNA MANERA. Fired

N 3. YO HE CONSENTIDO LIBREMENTE A ESTE REGISTRO.

G A O N
6-11-2019
Fecha

X [redacted]
Firma

Testigos: [signature] page

Steven Gonzalez B

Pulled over for no reason

See

BB

DEA Form
(Jan. 2005) - 88a

Pulled over to be harrased + threatened to SBL

pnb

County Sheriff's Office (HCSO) at 1435 Hopper Rd Houston, TX 77093.
2. SA Peck and SA Myles Holland have been jointly investigating the drug trafficking activities of ADAM MAUEL TELLO, who resides at 1435 Hopper Rd Houston, TX 77093 and is associated with 2621 Hopper Rd Houston, TX 77093. Investigators with the DEA were able to obtain a search warrant for 1435 Hopper Rd Houston, TX 77093 along with an arrest warrant for TELLO for Conspiracy to distribute a controlled substance in the Eastern District of Texas (See attachment S3.A).
3. On 06/11/2019 at approximately 5:30am, members of the HCSO Special Weapons and Tactics (SWAT) team executed the search / arrest warrant at 1435 Hopper Rd Houston, TX 77093. The HCSO SWAT team was able to successfully arrest TELLO without incident.
4. For reporting purposes, SA Holland will document the arrest and seizures associated with the arrest / search warrant in file #2018I-CID2-50030216, which has been linked with this investigation.
5. During the execution of the search warrant, investigators were able to locate several stolen vehicles on the property at 1435 Hopper Rd Houston, TX 77093. Members of the HCSO auto theft division arrived on scene and assisted with the investigation.
6. The HCSO auto theft division was able to identify a 2009 Laredo travel trailer displaying VIN: 4YDT29B259L600497 as being stolen hereafter referred to as S3.P1. Also identified as stolen was a white 2002 Ford F250 truck displaying VIN: 1FTSW21P06EC9601, hereafter referred to as S3.P2. Also identified as stolen was a gray 2006 Ford F250 displaying VIN: 1FTSW21PX6EC16495, hereafter referred to as S3.P3. Also identified as stolen was a black 2006 Ford F350 truck displaying VIN: 1FTWW32P56EC40273, hereafter referred to as S3.P4. Also identified as stolen was a blue 2008 Chevrolet Impala displaying VIN: 2G1WT58K781319473, hereafter referred to as S3.P5. Also located at the residence was a white Haulmark double axel enclosed trailer where the license plate and VIN plate were removed, hereafter referred to as S3.P6. The HCSO auto theft division seized the trailer for further investigation and will attempt to identify the trailer at a later time.
7. S3.P1 through S3.P6 were all recovered from 1435 Hopper Rd Houston, TX 77093, and towed from the residence by Angel Wrecker service and stored at 11360 Eastex Freeway Houston, TX 77093 at the request of the HCSO. The HCSO will be responsible for the disposition of S3.P1 through S3.P6.
8. During the execution of the search warrant, investigators maintained surveillance at 2621 Hopper Rd Houston, TX 77093 which is also associated with this investigation. Surveillance units observed a red Ford Mustang displaying Texas registration (KKW7304) depart the aforementioned address and coordinated with a marked unit with the HCSO to conduct a traffic stop on the Ford Mustang (KKW7304). The driver of the Ford Mustang (KKW7304) was identified as Gustavo Alberto Orozco-Negrete H/M DOB: [redacted]. While on the traffic stop, a silver Toyota Tundra also departed 2621 Hopper Rd and drove to where the Ford Mustang (KKW7304) was.
9. The HCSO marked units attempted to make contact with the driver of the silver Toyota Tundra displaying Texas registration (GJT1846), however the driver fled the scene refusing to stop for the HCSO marked units. After a vehicle pursuit, the HCSO marked units were able to get the aforementioned Toyota Tundra (GJT1846) stopped and identified the driver as JESUS ZURITA ZAMORA DOB: [redacted] A check through the automated fingerprint identification system revealed that ZAMORA had a Texas Driver License of ([redacted]; however it expired November 25, 1995.
10. ZAMORA was ultimately arrested by the HCSO for evading arrest using a motor vehicle and transported to the Harris County Jail. At the jail, it was discovered that ZAMORA was in possession of six thousand two hundred forty nine ( $6,249.00) dollars in United States currency which is hereafter referred to as S3.P7. A HCSO K9 was used which gave a positive alert to the presence of narcotics on the S3.P7. HCSO Asset Forfeiture District Attorney Charles Shaw authorized the seizure of S3.P7 and was seized by the HCSO per their policies and procedures.
11. Investigators met with [redacted] who has no criminal predicate at this time. While speaking with investigators, [redacted] agreed to allow investigators permission to search the property at 2621 Hopper Rd Houston, TX 77093 that 'he' [redacted] had access to and further signed a DEA consent to search form, hereafter referred to as S3.B.
12. While at the property at 2621 Hopper Rd Houston, TX 77093, Investigators were able to identify another stolen vehicle as a black 2006 Chevrolet 2500 truck displaying VIN: 1GCHC23D16F151469, hereafter referred to as S3.P8.
13. S3.P8 was recovered from 2621 Hopper Rd Houston, TX 77093, and towed from the residence by Angel Wrecker service and stored at 11360 Eastex Freeway Houston, TX 77093 at the request

recently changed telephone numbers. TELLO advised that LUNA was in debt with TELLO. TELLO also advised that LUNA had never been down to Houston to meet with TELLO.

- 5-21-2019 22:54 TELLO advises that TELLO has been in some shit all day. TELLO stated that it actually got into me. TELLO asks CI if the Feds were going to talk to the CI. A cellular telephone rings in the background and TELLO answers. TELLO is heard threatening someone on the other cellular telephone and offering $1,000 dollars for a location of an individual.
- 5-21-2019 23:23 TELLO talks about if someone gets caught up that there is a high possibility of that person talking to Law Enforcement. TELLO then advises that TELLO was just robbed while at TELLO'S residence. TELLO advises that TELLO and the robbery suspect's exchanged gunfire and that the robbery suspects had dropped their phone and TELLO retrieved the phone. TELLO and CI speak about CI debt to TELLO. TELLO then speaks about having soldiers and people that back up TELLO.
- 5-29-2019 19:49 TELLO and CI speak about debt that CI owes TELLO for narcotics. TELLO questions CI about speaking to the police and advises CI that TELLO has CI old phone.
- 5-29-2019 19:55 TELLO stated that [redacted] came to TELLO'S residence with [redacted] and got some work. TELLO stated that [redacted] took TELLO to [redacted] and TELLO supplied some work to them for awhile.
- 5-29-2019 21:16 TELLO and CI speak about a text message sent to [redacted] that was took as threatening [redacted]. CI stated that [redacted] believed that TELLO had sent the threatening message. TELLO questions CI and wanted to know where [redacted] was working and driving. TELLO stated that TELLO knows someone made a deal with DPS. TELLO references RUBEN LUNA having a high debt with TELLO.
- 5-29-2019 22:02 TELLO advises CI that [redacted] is working with DPS. TELLO thinks that [redacted] has talked about TELLO. TELLO thinks that [redacted] has someone in Law Enforcement that assists [redacted] because [redacted] pushes a lot of narcotics in a small town and it looks like grand central station over there. TELLO asks CI about another source of supply named [redacted] and if [redacted] wants TELLO dead. TELLO asks about RUBEN LUNA and if LUNA is talking about TELLO. TELLO stated that LUNA informed TELLO that when LUNA was arrested that law enforcement asked about TELLO directly and that TELLO was getting worried.
- 6-1-2019 1:51 TELLO and CI talk about suspect named [redacted]. TELLO advises that [redacted] owes TELLO a lot of money. TELLO then advises the CI that [redacted] had recently came to see TELLO and received some "SHIT" referencing narcotics and also asked TELLO for "HEATERS" referencing weapons and stated to TELLO that [redacted] had a job to do.
- 6-1-2019 2:15 TELLO stated that when [redacted] came down to see TELLO that TELLO gave [redacted] some "Work" referencing narcotics. TELLO advised that TELLO gave [redacted] 2 lbs and now [redacted] hasn't paid for the "Work". TELLO advised that when TELLO first started dealing with [redacted] that TELLO gave [redacted] 10 lbs.
- 6-4-2019 TELLO and CI talk about a missing vehicle. TELLO advises that "[redacted] TELLO advised that [redacted] came to TELLO'S residence. TELLO stated that [redacted] owed TELLO some money. TELLO asked if CI thought that [redacted] would be a good player? A good distributor.
- 6-6-2019 23:01 TELLO asks CI about "[redacted]" [redacted] and wants to know if [redacted] robbed TELLO. TELLO advised that TELLO knows all about [redacted] and knows where [redacted] is right now. TELLO stated that a suspect identified as "[redacted]" paid someone $3,000 for information on a location where there was supposed to be a lot of money and "Work" referencing narcotics. TELLO and CI talk about TELLO being robbed and ~~TELLO wanting to know who it was.~~ TELLO stated that the robbery crew had been watching TELLO for 3 weeks and the robbery crew was told TELLO was a big lick. TELLO advised that "[redacted] brought TELLO a stolen car. TELLO makes threats against [redacted].
- 6-9-2019 22:11. TELLO and CI speak about [redacted] being an [redacted]. TELLO stated that [redacted] has some of TELLO'S "SHIT" referencing narcotics and is living it up right now.
- 6-9-2019 22:23 TELLO talks about "Fucking off" some female. SA Holland believes this to be a threat against [redacted].

4. RUBEN LUNA

- 5-14-2019 CI and LUNA speak about TELLO.
- 5-16-2019 LUNA states that LUNA attempted to put [redacted] "ON" because LUNA didn't want the status. This was referencing that LUNA was attempted to supply [redacted] with narcotics. LUNA requests CI to not say anything to TELLO about LUNA. LUNA stated that TELLO tells LUNA everything. LUNA stated that LUNA has only been to TELLO residence once but TELLO comes to LUNA'S residence and brings product. LUNA tells CI that if CI cooperates with LUNA that LUNA will get [redacted] pushed out of the narcotic group. LUNA tells CI that [redacted] and [redacted] works for the law. LUNA tells CI that LUNA has another plug other than

Wrong procedures need

PAGE _____ of _____

EVIDENCE CONTROL LOG

UI NUMBER: ________ VICTIM: ________ LOCATION: ________

DATE: ________ TIME ON SITE: ________ WEATHER CONDITIONS: ________

EVIDENCE TECH.: ________ SCHEMATIC ARTIST: ________ PHOTOGRAPHER: ________

713-443-0026

| ITEM NO. | TIME | CONTAINER | DESCRIPTION OF EVIDENCE | FOUND AT: | FOUND BY: | PHOTO CROSS REF ROLL/FRAME |
|---|---|---|---|---|---|---|
| 1 | | ✓ | LG Black Stylo 4-Tells 352439104157890 | Trailer One - On kitchen table | SA Holland | |
| ✗ 2. | | ✗ | 1 45 shell casing | On driveway by side of house | Det. Jackson LPD | |
| ✗ 3. | | ✗ | 1 box of ammo | | John Key | |
| ✗ 4. | | ✗ | 1 9mm round gold | On floor of living room in Res | Yassin Owen | |
| ✗ 5. | | ✗ | 1 9mm round silver | Under couch in living room - Res | Brad Sowell | |
| ✗ 6. | | ✗ | 1 .500 S&W round | On stove in kitchen - Res | Chris Hartman | |
| 7. | | ✓ | 1 White Iphone | Under center console in Black GMC JDL7574 | Dennis Langston | |
| 8 | | ? | Marijuana | In Safe in Living Room on speaker in Trailer | John Key | |
| 9. | | ✓ | Paperwork | " | " | |
| ✗ 10. | | ✗ | 1 Shell Casing .357 | Found Right bedroom In Residence | Yassin Owen | |
| ✗ 11 | | ✓ | Paperwork | Found in GMC Truck | Dennis Langston | |
| 12 | | ✗ | 5 rounds of 12g Shotgun Shells | Loaded in Dtear 17 | Jose Herrera | |
| 13 | | ✗ | Mossberg 12g Shotgun MM808405 | In black trailer | " | |
| ✗ 14 | | ✗ | Spring Field XD .45 US597271 | " | " | |

Black GMC Truck 37204N4 - Black LP
JDL7574 - On Sticker

where is it

PAGE ______ of ______

EVIDENCE CONTROL LOG

UI NUMBER: ______ VICTIM: ______ LOCATION: ______

DATE: ______ TIME ON SITE: ______ WEATHER CONDITIONS: ______

EVIDENCE TECH.: ______ SCHEMATIC ARTIST: ______ PHOTOGRAPHER: ______

| ITEM NO. | TIME | CON-TAINER | DESCRIPTION OF EVIDENCE | FOUND AT: | FOUND BY: | PHOTO CROSS REF ROLL/FRAME |
|---|---|---|---|---|---|---|
| 15. | | X | Magazine w/ ammo | Loaded in Item 14 | " | |
| 16 | | X | Smith & Wesson 422 TVD8386 | In black Trailer | " | |
| 17. | | X | Magazine w/ ammo | Loaded in Item 16 | " | |
| 18. | | | Ruger Super Blackhawk .44 S/N 85-85959 | In black trailer | " | |
| 19. | | | H&R Arms H&R 922 S/N 171458 | " | " | |
| 20. | | | Rohm RG10 S/N | " | " | |
| 21. | | | North American Arms .22 S/N L52415 | " | " | |
| 22. | | | 5 rounds of .22 ammo | Loaded in item 21 | " | |
| 23. | | | Ammo found | In black trailer in red box | " | |
| 24 | | | 1 Phone w/ red case | In safe w/ #8 | John Key | |
| 25 | | | 1 Black Samsung Galaxy S10 | " | John Key | |
| 26 | | | 1 White 1 Phone | " | " | |
| | | | | | | |
| | | | | | | |

Where are these and I want back and all other things

I marks

Adam Tello
28694078-2B-42
1001 Pearl St
Beaumont Tx 77701







CLERK, U.S. DISTRICT COURT
RECEIVED
DEC - 4 2019
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

United States
District Clerk
Eastern Districts
300 Willow St
Beaumont, Tx 77701

Important Legal Mail